**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| LORO PIANA S.P.A.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | Case No. 26-cv-10819<br><br>District Judge Joan H. Lefkow<br><br>Magistrate Judge Gabriel A. Fuentes |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION, A TEMPORARY ASSET RESTRAINT, AND EXPEDITED DISCOVERY**

Plaintiff LORO PIANA S.p.A. ("Loro Piana") submits this Memorandum in support of its Ex Parte Motion for Entry of a Temporary Restraining Order ("TRO"), including a temporary injunction, a temporary asset restraint, and expedited discovery (the "Ex Parte Motion").

## I. INTRODUCTION

Loro Piana requests temporary ex parte relief in this action for trademark infringement, counterfeiting, and false designation of origin against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants"). As alleged in Loro Piana's Complaint, Defendants are promoting, advertising, marketing, distributing, offering for sale, and selling products, including handbags, purses, and other fashion accessories, using infringing and counterfeit versions of Loro Piana's federally registered trademarks, (collectively, the "Counterfeit Loro Piana Products"), through at least the e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases").

Defendants run a sophisticated counterfeiting operation and have targeted sales to Illinois residents by setting up and operating e-commerce stores using one or more Seller Aliases through which Illinois residents can purchase Counterfeit Loro Piana Products. The e-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them. Further, Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operation. Loro Piana is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Loro Piana Products over the Internet. Defendants' ongoing unlawful activities should be restrained, and Loro Piana respectfully requests that this Court issue an ex parte Temporary Restraining Order.

## II. STATEMENT OF FACTS

### A. Loro Piana's Trademarks and Products

Loro Piana is a world-famous luxury brand, founded in 1925 by Adele and Edoardo Loro Piana. Plaintiff is engaged in the business of styling and selling a diverse portfolio of highquality luxury goods, including a variety of men's and women's apparel, fashion accessories, and leather goods (collectively, the "Loro Piana Products") all of which prominently display its famous internationally recognized and federally registered trademarks. (Declaration of Lambert ¶ 3, filed herewith.) Loro Piana uses its trademarks in connection with the marketing of its Loro Piana Products, which are collectively referred to as the "Loro Piana Trademarks." (Id. ¶ 6.) True and correct copies of the United States registration certificates for the Loro Piana Trademarks are attached to the Lambert Declaration as Exhibit 1. The registrations for the Loro Piana Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. (ld. ¶ 7.) The registrations for the Loro Piana Trademarks constitute prima facie evidence of their validity and of Loro Piana's exclusive right to use the Loro Piana Trademarks pursuant to 15 U.S.C. § 1057(b).

Loro Piana Products have long been among the most famous and popular of their kind in the world and have been extensively promoted and advertised at great expense. (Id ¶ 8.) Loro

Piana has expended millions of dollars annually in advertising, promoting and marketing featuring the Loro Piana Trademarks. Id. The Loro Piana Trademarks are distinctive when applied to the Loro Piana Products, signifying to the purchaser that the products come from Loro Piana and are manufactured to Loro Piana's quality standards. (Id. ¶ 9.) The Loro Piana Trademarks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. (Id.) As such, the goodwill associated with the Loro Piana Trademarks is of incalculable and inestimable value to Loro Piana. (Id.)

### B. Defendants' Unlawful Activities

The success of the Loro Piana brand has resulted in its significant counterfeiting. (Id. ¶ 11.) Consequently, Loro Piana has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. (Id.) In recent years, Loro Piana has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale and/or selling Counterfeit Loro Piana Products to consumers in this District and throughout the United States. (Id.) Loro Piana's well-pleaded allegations regarding registration patterns, similarities among the e-commerce stores operating under the Seller Aliases and the Counterfeit Loro Piana Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship suggesting that many of the Counterfeit Loro Piana Products may be manufactured by and come from a common source and that Defendants are interrelated. (Id. ¶ 20.) If Defendants provide additional credible information regarding their identities, Loro Piana intends to take appropriate steps to amend the Complaint.

## III. ARGUMENT

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Loro Piana's reputation and the goodwill symbolized by the Loro Piana Trademarks. Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue an ex parte TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition. Fed. R. Civ. P. 65(b). The entry of a TRO is appropriate because it would

immediately stop the Defendants from benefiting from their wrongful use of the Loro Piana Trademarks and preserve the status quo until ahearing can be held.

In the absence of a TRO without notice, the Defendants can and likely will register new ecommerce stores under new aliases and move any assets to off-shore accounts outside the jurisdiction of this Court. (Declaration of Kossof ¶¶ 5-7, filed herewith). Courts have recognized that civil actions against counterfeiters present special challenges that justify proceeding on an ex parte basis. See Columbia Pictures Indus., Inc. v. Jasso, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) (observing that "proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the infringers"). As such, Loro Piana respectfully requests that this Court issue the requested ex parte TRO.

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the e-commerce stores operating under the Seller Aliases by offering shipping to the United States, including Illinois, accepting payment in United States dollars and, on information and belief, selling Counterfeit Loro Piana Products to residents of Illinois. (Complaint at ¶¶ 2, 20, 25.) See, e.g., Christian Dior Couture, S.A. v. Lei Liu et al., 2015 U.S. Dist. LEXIS 158225, at *6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendants offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required). Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Loro Piana substantial injury in the State of Illinois.

**A. Standard for Temporary Restraining Order and Preliminary Injunction**

This Court holds that the standard for granting a TRO and the standard for granting a preliminary injunction are identical. See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc., No. 01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001). A party seeking to obtain a preliminary injunction must demonstrate: (1) a likelihood of success on

the merits; (2) that no adequate remedy at law exists; and (3) that it will suffer irreparable harm if the injunction is not granted. See Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001).

If the Court is satisfied that these three conditions are met, then it considers the harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied. Id. Finally, the Court considers the potential effect on the public interest (non-parties) in denying or granting the injunction. Id. In deciding whether to grant injunctive relief, the Court then weighs all of these factors, "sitting as would a chancellor in equity." Id. (quoting Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992)). This process involves engaging in what the Seventh Circuit has deemed "the sliding scale approach" – the more likely the plaintiff will succeed on the merits, the less the balance of harms need favor the plaintiff's position. Ty, Inc., 237 F.3d at 895.

**B. Loro Piana Will Likely Succeed on the Merits of its Trademark Infringement and False Designation of Origin Claims**

A defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, use[s] in commerce, any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). A Lanham Act trademark infringement claim has two elements. See 15 U.S.C. § 1125(a). First, a plaintiff must show "that its mark is protected under the Lanham Act." Barbecue Marx, Inc. v. 551 Ogden, Inc., 235 F.3d 1041, 1043 (7th Cir. 2000). Second, plaintiff must show that the challenged mark is likely to cause confusion among consumers. Id.

In this case, Loro Piana's Loro Piana Trademarks are distinctive and are registered with the United States Patent and Trademark Office. (Lambert Decl. ¶7.) The registrations for the Loro Piana Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. (Id.) The registrations for the Loro Piana Trademarks constitute prima facie evidence of their validity and of Loro Piana's exclusive

right to use the Loro Piana Trademarks pursuant to 15 U.S.C. § 1057(b). Furthermore, Loro Piana has not licensed or authorized Defendants to use any of the Loro Piana Trademarks, and none of the Defendants are authorized retailers of genuine Loro Piana Products (Lambert Decl. ¶14.) Thus, Loro Piana satisfies the first element of its Lanham Act claim.

The Seventh Circuit has held that where "one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion." Microsoft Corp. v. Rechanik, 249 F. App'x 476, 479 (7th Cir. 2007). Accordingly, the Court can presume a likelihood of confusion from Defendant's use of the Loro Piana Trademarks. The result is the same when considered in light of the Seventh Circuit's seven enumerated factors to determine whether there is a likelihood of confusion, which include: (1) similarity between the marks in appearance and suggestion; (2) similarity of the products/services; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of complainant's mark; (6) actual confusion; and, (7) intent of the defendants to palm off their products as that of another. AutoZone, Inc. v. Strick, 543 F.3d 923, 929 (7th Cir. 2008). No one factor is dispositive, but the similarity of the marks, actual confusion, and the defendant's intent are "particularly important." Id.

Loro Piana has submitted extensive documentation showing that Defendants are selling Counterfeit Loro Piana Products that look similar to genuine Loro Piana Products and use infringing and counterfeit marks identical to the Loro Piana Trademarks. Both Loro Piana and Defendants advertise and sell their products to consumers via the Internet, targeting consumers looking for genuine Loro Piana Products. (Lambert Decl. ¶¶ 5, 11-15.) Those consumers are diverse with varying degrees of sophistication, and they are likely to have difficulty distinguishing genuine Loro Piana Products from Counterfeit Loro Piana Products. Indeed, it appears that Defendants are intentionally trying to induce consumers looking for genuine Loro Piana Products to purchase Counterfeit Loro Piana Products instead. In that regard, Defendants advertise Counterfeit Loro Piana Products using the Loro Piana Trademarks. (Id. ¶¶ 11-15.) Evidence of actual consumer confusion is not required to prove that a likelihood of confusion exists, particularly given the compelling evidence that

Defendants are attempting to "palm off" their goods as genuine Loro Piana products. CAE, Inc. v. Clean Air Eng'g, Inc., 267 F.3d 660, 685 (7th Cir. 2001). Accordingly, Loro Piana is likely to establish a prima facie case of trademark infringement, counterfeiting, and false designation of origin.

### C. There Is No Adequate Remedy at Law, and Loro Piana Will Suffer Irreparable Harm in the Absence of Preliminary Relief

The Seventh Circuit has "clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." Re/Max N. Cent., Inc. v. Cook, 272 F.3d 424, 432 (7th Cir. 2001) (citing Eli Lilly & Co. v. Natural Answers, Inc., 233 F.3d 456, 469 (7th Cir. 2000)). Irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." Helene Curtis Industries, Inc. v. Church & Dwight Co., 560 F.2d 1325, 1332 (7th Cir. 1977) (citation omitted). "The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1092 (7th Cir. 1988). As such, monetary damages are likely to be inadequate compensation for such harm. Ideal Indus., Inc. v. Gardner Bender, Inc., 612 F.2d 1018, 1026 (7th Cir. 1979).

Defendants' unauthorized use of the Loro Piana Trademarks has and continues to irreparably harm Loro Piana through diminished goodwill and brand confidence, damage to Loro Piana's reputation, loss of exclusivity, and loss of future sales. (Lambert Decl. ¶ 21.) The extent of the harm to Loro Piana's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are both irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through injunctive relief. See Promatek Industries, Ltd. v. Equitrac Corp., 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law). Loro Piana will suffer immediate and irreparable injury, loss, or damage if an ex parte Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). (LambertDecl. ¶ 22).

## D. The Balancing of Harms Tips in Loro Piana's Favor, and the Public Interest Is Served by Entry of the Injunction

If the Court is satisfied that Loro Piana has demonstrated (1) a likelihood of success on the merits, (2) no adequate remedy at law, and (3) the threat of irreparable harm if preliminary relief is not granted, then it considers the harm Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm that Loro Piana will suffer if relief is denied. Ty, Inc., 237 F.3d at 895.

As willful infringers, Defendants are entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." Krause Int'l Inc. v. Reed Elsevier, Inc., 866 F. Supp. 585, 587-88 (D.D.C. 1994). This is because "[o]ne who adopts the mark of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." Burger King Corp. v. Majeed, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). Therefore, the balance of harms "cannot favor a defendant whose injury results from the knowing infringement of the plaintiff's trademark." Malarkey-Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n, 929 F. Supp. 473, 478 (D.D.C. 1996).

As Loro Piana has demonstrated, Defendants have been profiting from the sale of

[1]Unpublished Orders are attached to the Kossof Declaration as Exhibit 4

Counterfeit Loro Piana Products. Thus, the balance of equities tips decisively in Loro Piana's favor. The public is currently under the false impression that Defendants are operating their e-commerce stores with Loro Piana's approval and endorsement. In this case, the injury to the public is significant, and the injunctive relief that Loro Piana seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their unlawful conduct.

## IV. THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any

right of the registrant of a mark ….” 15 U.S.C. § 1116(a). Here, the equitable relief sought by Loro Piana is reasonable and appropriate under the circumstances.

### A. An Order Immediately Enjoining Defendants' Unauthorized

Loro Piana requests a temporary injunction requiring the Defendants to immediately cease all use of the Loro Piana Trademarks, or substantially similar marks, on or in connection with all e-commerce stores operating under the Seller Aliases. Such relief is necessary to stop the ongoing harm to the Loro Piana Trademarks and associated goodwill, as well as harm to consumers, and to prevent the Defendants from continuing to benefit from their unauthorized use of the Loro Piana Trademarks. The need for ex parte relief is magnified by today's global economy where counterfeiters can operate anonymously over the Internet. Loro Piana is currently unaware of both the true identities and locations of the Defendants, as well as other e-commerce stores used by Defendants to distribute Counterfeit Loro Piana Products. Many courts have authorized immediate injunctive relief in similar cases involving the unauthorized use of trademarks and counterfeiting. See, e.g., Michael Kors, L.L.C. v. The Partnerships et al., No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013) (unpublished) (order granting ex parte Motion for Temporary Restraining Order); Oakley, Inc. v. Does 1-100, No. 12-cv-9864 (N.D. Ill. Dec 14. 2012) (unpublished) (same).[1]

### B. Preventing the Fraudulent Transfer of Assets Is Appropriate

Loro Piana requests an ex parte restraint of Defendants' assets so that Loro Piana's right to an equitable accounting of Defendants' profits from sales of Counterfeit Loro Piana Products is not impaired. Issuing an ex parte restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, on information and belief, the Defendants in this case hold most of their assets in off-shore accounts, making it easy to hide or dispose of assets, which will render an accounting by Loro Piana meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. Animale Grp. Inc. v. Sunny's Perfume Inc., 256 F. App'x 707, 709 (5th Cir. 2007). In addition, Loro Piana has shown a strong likelihood of

succeeding on the merits of its trademark infringement and counterfeiting claim, so according to the Lanham Act, 15 U.S.C. § 1117(a)(1), Loro Piana is entitled, "subject to the principles of equity, to recover . . . defendant's profits." Loro Piana's Complaint seeks, among other relief, that Defendants account for and pay to Loro Piana all profits realized by Defendants by reason of Defendants' unlawful acts. Therefore, this Court has the inherent equitable authority to grant Loro Piana's request for a prejudgment asset freeze to preserve relief sought by Loro Piana.

The Northern District of Illinois in Lorillard Tobacco Co. v. Montrose Wholesale Candies entered an asset restraining order in a trademark infringement case brought by a tobacco company against a defendant selling counterfeit cigarettes. 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005). The Court recognized that it was explicitly allowed to issue a restraint on assets for lawsuits seeking equitable relief. Id. (citing Grupo Mexicano de Desarollo, S.A. v. Aliance Bond Fund, 527 U.S. 308, 325 (1999)). Because the tobacco company sought a disgorgement of the storeowner's profits, an equitable remedy, the Court found that it had the authority to freeze the storeowner's assets. Lorillard, 2005 WL 3115892, at *13. In addition, this Court regularly issues asset restraining orders for financial accounts in cases involving the sale of counterfeit products. See, e.g., Michael Kors, No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013) (unpublished) (order granting ex parte Motion for Temporary Restraining Order including the freezing of Defendants' financial accounts); Oakley, No. 12-cv-9864 (N.D. Ill. Dec 14. 2012) (unpublished) (same).

Furthermore, Federal Rules of Civil Procedure 64 and 65 provide authority for preliminary injunctions and the freezing of assets, and the Lanham Act provides for an accounting and recovery of profits, costs, and damages. Fed. R. Civ. P. 64-65; 15 U.S.C. § 1117. Since Loro Piana seeks recovery of Defendants' profits, an order permanently and continuously freezing the Defendants' assets is within the Court's authority and should be granted. Lorillard, 2005 WL 3115892, at *13. Moreover, under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third parties who are in active concert or participation with the Defendants that are given notice of the order to freeze assets of the Defendants. Fed. R. Civ. P. 65. Loro Piana has shown a likelihood of success on the merits, an immediate and

irreparable harm suffered as a result of Defendants' activities, and that, unless Defendants' assets are frozen, Defendants will likely hide or move their ill-gotten funds to off-shore accounts. Accordingly, an asset restraint is proper.

### C. Loro Piana Is Entitled to Expedited Discovery

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." Vance v. Rumsfeld, No. 1:06-cv-06964, 2007 WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). Courts have wide latitude in determining whether to grant a party's request for discovery. Vance, 2007 WL 4557812, at *6. (citation omitted). Further, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. See Fed. R. Civ. P. 26(b)(2).

Loro Piana requests expedited discovery to discover bank and payment system accounts Defendants use for their counterfeit sales operations. The expedited discovery requested in Loro Piana's Proposed TRO is limited to what is essential to prevent further irreparable harm. Discovery of these financial accounts so that they can be frozen is necessary to ensure that these activities will be contained. See, e.g., Michael Kors, No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013) (unpublished) (order granting ex parte Motion for Temporary Restraining Order including the freezing of Defendants' financial accounts); Oakley, No. 12-cv-9864 (N.D. Ill. Dec 14. 2012) (unpublished) (same). Loro Piana's seizure and asset restraint may have little meaningful effect without the requested relief. Accordingly, Loro Piana respectfully requests that expedited discovery be granted.

## V. A BOND SHOULD SECURE THE INJUNCTIVE RELIEF

The posting of security upon issuance of a temporary restraining order or preliminary injunction is vested in the Court's sound discretion. Rathmann Grp. v. Tanenbaum, 889 F.2d 787, 789 (8th Cir. 1989). Because of the strong and unequivocal nature of Loro Piana's evidence of counterfeiting, trademark infringement, and false designation of origin, Loro Piana respectfully requests that this Court require Loro Piana to post a bond of ten thousand U.S. dollars ($10,000.00). See, e.g., Michael Kors, No. 13-cv-8612 (N.D. Ill. Dec. 5, 2013)

(unpublished) ($10,000 bond); Oakley, No. 12-cv-9864 (N.D. Ill. Dec 14. 2012) (unpublished) (same).

## VI. CONCLUSION

Defendants' unlawful operations are irreparably harming Loro Piana's business, its famous Loro Piana brand, and consumers. Without entry of the requested relief, Defendants' sale of Counterfeit Loro Piana Products will continue to lead prospective purchasers and others to believe that Defendants' Counterfeit Loro Piana Products have been manufactured by or emanate from Loro Piana, when in fact, they have not. Therefore, entry of an ex parte order is necessary. In view of the foregoing and consistent with previous similar cases, Loro Piana respectfully requests that this Court enter a Temporary Restraining Order in the form submitted herewith.

Dated September 08 2026

Respectfully submitted,

*/s/ Paul Kossof*

Counsel for Plaintiff, LORO PIANA S.p.A.
Paul Kossof (ARDC #6319307)
KossofIPR
1509 Waukegan Road, #1162
Glenview, IL, 60025
(224) 433-1553
p.kossof@kossofipr.com