IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

LORO PIANA S.P.A.,

Plaintiff,

v.

THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

Case No. 26-cv-10819

District Judge Joan H. Lefkow

Magistrate Judge Gabriel A. Fuentes

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff LORO PIANA S.p.A. submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction, stating as follows.

## I. INTRODUCTION

Plaintiff Loro Piana brings the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), and false designation of origin (Count II). As alleged in Loro Piana's Complaint (Dkt. 1), the Defendants are promoting, advertising, distributing, offering for sale, and selling products using infringing and counterfeit versions of Loro Piana's federally registered trademarks (collectively, the "Counterfeit Loro Piana Products") through at least the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases").

## II. STATEMENT OF FACTS

On September 09 2026, this Court granted Loro Piana's Motion for Entry of a Temporary Restraining Order ("the TRO"). (Dkt. 23.) The TRO authorized Loro Piana to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Complaint, the TRO and other relevant documents on a website and

by sending an email to the e-mail addresses identified in Exhibit 2 to the Declaration of Lambert and any e-mail addresses provided for Defendants by third parties that includes a link to said website. (Id. 7.) Pursuant to the TRO, Plaintiff has contacted PayPal, and other third parties to freeze financial accounts associated with the Seller Aliases. (Declaration of Kossof, Par. 2, filed herewith.) Upon the filing of Loro Piana's Motion for Entry of a Preliminary Injunction, this Memorandum, and the Kossof Declaration (the "PI Papers"), Plaintiff will publish the Complaint, the TRO, the PI Papers, and other relevant documents on a website and send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Lambert and any email addresses provided for Defendants by third parties that includes a link to said website. (Id. 3.)

Loro Piana respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Loro Piana Products during the pendency of this litigation. As part of the Preliminary Injunction, Loro Piana requests that Defendants' financial accounts remain frozen until completion of these proceedings.

## III. ARGUMENT

### A. A Preliminary Injunction Is Appropriate

Loro Piana respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al., No. 15-cv- 3249 (N.D. Ill. May 6, 2015) (unpublished).

#### i. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction have been satisfied. See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc., No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary

restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." Columbia Pictures Indus., Inc. v. Jasso, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

**ii. The Equitable Relief Sought Remains Appropriate**

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

Loro Piana also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Since entry of the TRO, Plaintiff has obtained information, including the identification of several accounts linked to the Seller Aliases that were offering for sale and/or selling Counterfeit Loro Piana Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to off-shore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Loro Piana is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen financial accounts. In addition, and as established in Loro Piana's TRO Memorandum (Dkt. 11), many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc., No. 1:03-cv- 04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, Loro Piana respectfully requests that this Court enter the preliminary injunction.

Dated September 14 2026

Respectfully submitted,

*/s/ Paul Kossof*

Counsel for Plaintiff, LORO PIANA S.p.A.
Paul Kossof (ARDC #6319307)
KossofIPR
1509 Waukegan Road, #1162
Glenview, IL, 60025
(224) 433-1553
p.kossof@kossofipr.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14 2026, I will cause the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system, published on a website, and cause to be sent an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Nicolas Lambert and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

*/s/ Paul Kossof*

Counsel for Plaintiff, LORO PIANA S.p.A.
Paul Kossof (ARDC #6319307)
KossofIPR
1509 Waukegan Road, #1162
Glenview, IL, 60025
(224) 433-1553
p.kossof@kossofipr.com